**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jane CANNON, Defendant–Appellant.**

No. 01–3208.

United States Court of Appeals,
Seventh Circuit.

Submitted April 18, 2002 *.

Decided April 22, 2002.

* After an examination of the briefs and the record, we have concluded that oral argu-

Before POSNER, EASTERBROOK, and RIPPLE, Circuit Judges.

ORDER

Jane Cannon pleaded guilty to one count of filing a false tax return, 26 U.S.C. § 7206(1), and was sentenced to 24 months' imprisonment, one-year supervised release, and a special assessment. She argues on appeal that we should remand for resentencing because the district court erred by sentencing her according to the wrong sentence range. The government agrees. Accepting the parties' submissions, we vacate and remand.

From 1992 until 1995 Cannon filed tax returns on which she falsely claimed that Indiana Metal Craft, Inc. employed her as a salesperson. In fact, she had made an arrangement with the company's owner by which he would put her on the payroll and she in turn would give him money to cover the gross amount of her payroll and any other expenses. Cannon concocted this scheme to cover-up an illegal drug business and because parole negotiations for a prior marijuana conviction required her to furnish proof of legitimate employment. The scheme came to light after Indiana convicted Cannon for possession of marijuana in 1999 and sentenced her as a habitual offender to eight months' job-release incarceration and 28 months' home confinement. Cannon then entered into a plea agreement: she would plead guilty to filing false tax returns and the government would drop money laundering charges and recommend that her federal sentence run concurrently with her undischarged term of home confinement.

Before sentencing the probation office prepared a Presentence Investigation Report (PSR) that calculated Cannon's offense conduct level at 11. Relying on U.S.S.G. § 4A1.1(a) (three criminal history points for prior imprisonment exceeding one year and one month), and apparently believing that home confinement equaled imprisonment, the probation officer also gave Cannon three criminal history points for the 1999 conviction and sentence. Cannon had seven points from other convictions, which placed her in criminal history category V. The resulting sentencing range was 24 to 30 months' imprisonment.

At sentencing the defense initially did not object to the PSR. But after the dis-

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See*

Fed. R.App. P. 34(a)(2).

trict court announced that Cannon would serve 24 months' federal imprisonment consecutively to her undischarged home confinement term, Cannon's attorney interjected that the PSR miscalculated her criminal history. According to the defense, Cannon should have received two rather than three points for her 1999 conviction because home confinement is not imprisonment and therefore her punishment for the conviction did not exceed one-year-and-one-month imprisonment. *See* U.S.S.G. § 4A1.1(a) and (b). The defense maintained that nine criminal history points would place Cannon in criminal history category IV, reducing the sentencing range to 18 to 24 months. The court noted but rejected the defense contention and imposed its previously announced sentence.

Cannon and the government are correct that home confinement is not equivalent to imprisonment under the federal sentencing guidelines. *See United States v. Jones*, 107 F.3d 1147, 1165 (6th Cir.1997); *United States v. Phipps*, 68 F.3d 159, 162 (7th Cir.1995). Cannon should therefore have received only two criminal history points for her 1999 conviction, for which she received a sentence of only eight months' job-release incarceration. *See* U.S.S.G. § 4A1.1(b) (two criminal history points for sentence of imprisonment of at least sixty days). The parties agree that the district court thus misapplied the guidelines. A sentence based on an incorrect guideline range affects a defendant's substantial rights. *United States v. Wallace*, 32 F.3d 1171, 1174–75 (7th Cir.1994). Unless we have reason to believe that the district court would have imposed the same sentence in the error's absence, we must remand for resentencing even where the original sentence falls within both the correct and incorrect guideline range. *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992); *Wallace*, 32 F.3d at 1174–75. We have no reason to believe that the error here did not affect the district court's sentencing calculus; as in *Wallace* the court chose the lowest possible sentence and might have gone lower if given the opportunity to do so. Furthermore, the government does not argue that Cannon waived her argument regarding criminal history by not raising it before the district court until the eleventh hour, so waiver is not an issue on appeal. *See EEOC v. Ind. Bell Tel. Co.*, 256 F.3d 516, 526 (7th Cir.2001) (en banc) (claims of waiver can themselves be waived).

We therefore VACATE Cannon's sentence and REMAND to the district court for resentencing consistent with this opinion.